1

2                     IN THE UNITED STATES DISTRICT COURT

3                   FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6    MARTA RODRIGUEZ,

7              Plaintiff,                      CV F 07 0141 AWI WMW PC

8         vs.                                  ORDER DISMISSING COMPLAINT
                                               WITH LEAVE TO
9                                              FILE AN AMENDED COMPLAINT

10                                             (THIRTY DAY DEADLINE)

11   DR. PEREZ, et al.,

12             Defendants.

13

14

15        Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C.

16   § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

17   § 636(b)(1).

18        This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the

19   California Department of Corrections and Rehabilitation at Valley State Prison for Women,

20   brings this civil rights action against defendant correctional officials employed by the CDCR at

21   VSPW.

22        Plaintiff's  claims in this complaint relate to the conditions of her confinement.

23   Specifically, Plaintiff alleges that she was subjected to an inadequate medical care.  Plaintiff

24   names the following individual defendants: Dr. Perez, D.D.S., J. Nazareno, D.D.S., C. McCarty,

25   D.D.S.

26

                                               1

1    Plaintiff appears to be challenging the adequacy of her dental care.  Her statement of

2    claim indicates that she was evaluated in January of 2006 and placed on a waiting list.   Plaintiff

3    was interviewed by Dr. McCarty "and at that time he had the opportunity to measure me but

4    refuse. He was rude."  Plaintiff indicates that she was moved to another unit, and her root canal

5    was not done.

6         Under the Eighth Amendment, the government has an obligation to provide medical care

7    to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In

8    order to violate the Eighth Amendment proscription against cruel and unusual punishment, there

9    must be a 'deliberate indifference to serious medical needs of prisoners.'"  Id.  (quoting Estelle v.

10   Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether

11   medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must

12   examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must

13   determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."  Id.

14   at 1132.

15        Though a failure to treat Plaintiff, or a failure to provide treatment that a defendant knew

16   Plaintiff needed, could state a claim for relief, Plaintiff fails to link specific conduct to each

17   defendant.  The only defendant Plaintiff charges conduct to is McCarty, who allegedly was rude

18   and failed to "measure" Plaintiff.  In order to hold Dr. McCarty liable, Plaintiff must allege facts

19   indicating that Dr. McCarty knew of and disregarded a serious risk to Plaintiff's health, resulting

20   in injury to Plaintiff.  Plaintiff has failed to do so here.

21        The statute under which this action proceeds plainly requires that there be an actual

22   connection or link between the actions of the defendants and the deprivation alleged to have been

23   suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo

24   v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to

25   the deprivation of a constitutional right, within the meaning of section 1983, if he does an

26

affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The court finds the allegations in plaintiff's complaint vague and conclusory.   The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

           In accordance with the above, IT IS HEREBY ORDERED that:

           1.  Plaintiff's complaint is dismissed; and

           2.  Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:    July 14, 2008**　　　　　　　　　 **/s/  William M. Wunderlich**
　　　　　　　　　　　　　　　　　　　 UNITED STATES MAGISTRATE JUDGE

4